## STATE VS. RUSSEL E. DERRICKSON

1.  RECEIVING STOLEN GOODS—INTENT IS ELEMENT OF OFFENSE OF POSSESSING AUTOMOBILE WITH ALTERED NUMBERS; "FOR THE PURPOSE OF."

31 *Del. Laws, c.* 4, penalizing possession of a motor vehicle having its numbers or identification marks changed or removed "for the purpose of concealing or destroying the identity" of such vehicle, the expression "for the purpose of" is equivalent in meaning to "with the intention of," and the element of criminal intent is confined to accused's knowledge of the purpose for which changes of the distinguishing number or identification mark was made on the vehicle in his possession.

2.  RECEIVING STOLEN GOODS—EVIDENCE REQUIRIED TO SHOW ACCUSED'S KNOWLEDGE OF CHANGES IN MOTOR VEHICLE NUMBERS STATED.

31 *Del. Laws, c.* 4, penalizing possession of a motor vehicle having its numbers or identification marks changed or removed "for the purpose of concealing or destroying the identity" of such vehicle, whether the changes in the numbers on the automobile found in the possession of the accused were made either by him or another with the knowledge of the accused, for the purpose of concealing or destroying the identity of the automobile, may be shown by admissions and declarations or by facts and circumstances from which accused's knowledge of such purpose may be inferred, and in the latter event the jury must be fully satisfied not only that the circumstances are consistent with the accused having made the changes or had knowledge that the changes were made for the purpose of concealing or destroying the identity of the automobile, but they must be satisfied that the facts shown are such as to be inconsistent with any other rational conclusion.

*(March* 16, 1921)

BOYCE, J., sitting.

*Clarence A. Southerland*, Deputy Atty.-Gen., for State.
*Philip L. Garrett* and *William W. Knowles* for accused.

Court of General Sessions for New Castle County, March Term, 1921.

INDICTMENT, No. 36, March Term, 1921.

Russel E. Derrickson was indicted for unlawfully having in possession a motor vehicle from which the manufacturer's serial number, etc., had been removed. Verdict not guilty.

The state introduced evidence to show that an automobile, the property of E. I. Du Pont de Nemours & Co., of Wilmington, was stolen on December 11, 1920, while parked on the street in the city of Philadelphia, Pa.; that the car was afterwards discovered in a garage in Wilmington in the possession of the accused with said numbers on the car changed or destroyed.

When the state rested counsel for the accused asked that the jury be given binding instructions to return a verdict of not guilty on the ground that the state had not proved when, by whom, or for what purpose, the numbers on the car had been removed or changed.

In reply, it was contended that the statute makes the mere possession of the motor vehicle, the numbers of which had been destroyed or changed, a crime, and the state is required to prove only that the numbers have been destroyed or changed.

BOYCE, J. It is the opinion of the court that the case should be submitted to the jury. The motion for binding instructions is denied.

In defense, the accused testified that he had purchased the automobile, and produced in evidence a receipt covering the purchase price, and his testimony was corroborated by several witnesses to the sale. He also testified that he examined all the motor parts of the car and the batteries, but did not notice that the numbers had been changed. He did not notice the plate number or the number on the rear axle.

Evidence of his good character was also introduced.

For the accused the court was requested to charge that it is essential for the state to prove that the accused was in the possession of the car from which the manufacturer's serial or distinguishing number had been removed for the purpose of concealing or destroying its identity.

BOYCE, J., charged the jury in part:

Russell E. Derrickson stands charged before you under an indictment found under *chapter* 4, 31 *Del. Laws*, *p.* 9 (*Rev. Code* 1915, § 254F), which provides:

"Any person having in his or her possession any motorcycle or motor vehicle from which the manufacturer's serial number or any other manufacturer's trade or distinguishing number or identification mark has been removed, and effaced, changed, covered or destroyed, for the purpose of concealing or destroying the identity of such motorcycle or motor vehicle, shall be deemed guilty," etc.

The indictment contains four counts. The first count charges that—

"Russell E. Derrickson, late of Wilmington hundred, in the county aforesaid, on the seventeenth day of February, in the year of our Lord 1921, with force and arms, in Wilmington hundred, in the county aforesaid, did unlawfully have in his possession a certain motor vehicle, commonly called an automobile, from which the manufacturer's serial number had been removed for the purpose of concealing the identity of such motor vehicle, against the form of the act of assembly," etc.

The second count charges that the manufacturer's serial-number had been effaced. The third that the distinguishing numbers had been removed. The fourth that the distinguishing numbers had been effaced.

The Legislature in enacting the statute had in mind a need for the prevention of the removal of or change in distinguishing numbers or marks of identification on motor-cycles and motor vehicles, which, if removed, effaced, or changed, made identification of such motorcycles or motor vehicles difficult. The statute is important, particularly so in case such a cycle or vehicle is stolen, and that is what happened here; for it is conceded that the automobile found in the possession of the accused had been stolen.

It is not denied that various numbers on the car were changed by some one, some time. By whom and when the changes were made you are not informed; but it is admitted that the car was found in the possession of the accused with certain numbers thereon changed or destroyed, contrary to the statute.

The offense charged embraces two elements. First, the fact of the possession of any motorcycle or motor vehicle with distinguishing numbers or marks of identification removed, effaced,

Opinion.

changed, covered, or destroyed; second, that such distinguishing numbers or marks of identification were changed or destroyed for the purpose of concealing or destroying the identity of the motorcycle or motor vehicle. It is incumbent upon the state to sustain every element of the offense charged by satisfactory proof beyond a reasonable doubt.

[1, 2] The expression in the statute "for the purpose of" is equivalent in meaning to the words "with the intention of." By the statute, the Legislature saw fit to make any person who has in his possession a motorcycle or motor vehicle, from which the manufacturer's serial number or any other manufacturer's trade or distinguishing number or identification mark has been removed, effaced, changed, covered or destroyed for the purpose of concealing or destroying the identity of such motorcycle or motor vehicle, punishable as a misdemeanor. The element of criminal intent in the offense charged is confined to the defendant's knowledge of the purpose for which changes of the distinguishing number or identification mark were made on the vehicle in his possession. Whether the changes in the numbers on the automobile found in the possession of the accused were made either by him or another with the knowledge of the accused, for the purpose of concealing or destroying the identity of the automobile may be shown by admissions and declaration or by facts and circumstances from which defendant's knowledge of such purpose may be inferred. In the latter event, the jury must be fully satisfied not only that the circumstances are consistent with the accused having made the changes or had knowledge that the changes were made for the purpose of concealing or destroying the identity of the automobile, but they must be satisfied that the facts shown are such as to be inconsistent with any other rational conclusion.

Verdict not guilty.